IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHON PRATHER                            *

Plaintiff                                  *

v.                                         *        Civil Action No. GLR-15-3220

JOHN JACKSON,                              *
STELLA DIEU,
STEVEN HOUK, and                           *
HOWARD COUNTY POLICE DEPT.,
                                           *
Defendants
                                         ***

# MEMORANDUM OPINION

The above-entitled civil rights Complaint (ECF No. 1) was filed on October 21, 2015, together with a Motion to Proceed in Forma Pauperis (ECF No. 2). Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis will be granted. For the reasons stated below, however, the Complaint will be dismissed.

Plaintiff Stephon Prather, an inmate confined to Jessup Correctional Institution, files this claim against three police officers and their employer—the Howard County Police Department. Prather alleges that on October 23, 2013, he was stopped without probable cause and then shot in violation of his Fourth Amendment rights under the United States Constitution. Prather also asserts claims for false arrest, false imprisonment, assault and battery, and attempted murder. He includes as exhibits a portion of his criminal trial transcript as well as a transcript of an internal interview of the police officers involved in the incident. (See ECF No. 1).

Review of the Maryland State electronic docket reveals that Prather was indicted on November 6, 2013, on charges of attempted murder, assault, reckless endangerment, and use of a firearm in the commission of a violent felony. See State of Maryland v. Prather, No.

13K13053853 (Howard Co. Cir. Ct. 2014), see also http://casesearch.courts.state.md.us/inquiry. A jury convicted Prather of three counts of attempted second degree murder, one count of reckless endangerment, and related firearms charges; he was sentenced to a total incarceration term of fifty-six years. Id. It appears an appeal was noted, but there is no indication that Prather's convictions have been overturned or reversed. Id.

In Heck v. Humphrey, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. Complaints containing such claims must, therefore, be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction. In the event that the state courts agree with his assessment of the events surrounding his arrest and overturn his conviction, he may re-file his constitutional claim for damages at that time.

Based on the foregoing reasons, Prather's Motion to Proceed in Forma Pauperis (ECF No. 2) will be granted. Prather's Complaint, however, will be dismissed without prejudice. A separate Order follows.

Entered this 30th day of October, 2015

/s/
_____
George L. Russell, III
United States District Judge